FILED
2022 Apr-20  PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **MELANIE THRASH** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) CASE NO. _____ |
| | ) |
| **KLLM TRANSPORT SERVICES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

Defendant KLLM Transport Services, LLC ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal, removing the above-captioned case from the Circuit Court of Madison County, Alabama, where it is now pending as Civil Action No. 47-CV-2022-900298, to the United States District Court for the Northern District of Alabama, Northeastern Division. In support of this removal, Defendant avers as follows:

1. On March 15, 2022, Plaintiff Melanie Thrash ("Plaintiff") filed her Complaint against Defendant in Alabama state court, the subject of which is a March 17, 2020 motor vehicle accident occurring on Lanier Road in Madison, Alabama (the "Accident"), which involved Plaintiff as a passenger in a motor vehicle and a commercial motor vehicle operated by Defendant's alleged non-party "agent" Karlos Warren ("Mr. Warren"). *See* Compl., Ex. 1.

270263430v.1

2. In Count I of her Complaint, which is titled "Negligence/Wantonness," Plaintiff alleges that the Accident was the result of the negligence and wantonness of Defendant's alleged "agent" Mr. Warren, in causing his vehicle to collide with Plaintiff's vehicle, thereby injuring Plaintiff and causing damages. *See id.* ¶¶ 6, 10, Ex. 1. Plaintiff further seeks to impose *respondeat superior*-based vicarious liability on Defendant for Mr. Warren's alleged negligence and wantonness. *See id.* ¶ 9, Ex. 1.

3. In Count II of her Complaint, which is titled "Negligent Entrustment," Plaintiff alleges that Defendant negligently and/or wantonly entrusted its vehicle to Mr. Warren, thereby injuring Plaintiff and causing damages. *See id.* ¶¶ 14-16, Ex. 1.

4. In Count III of her Complaint, which is redundantly titled "Negligence/Wantonness," Plaintiff appears to further allege that Defendant was negligent and/or wanton in hiring, retaining, and supervising its driver Mr. Warren, thereby injuring Plaintiff and causing damages. *See id.* ¶¶ 19-20, Ex. 1.

5. Based on the service records that are a collective part of <u>Exhibit 1</u> hereto, there is no indication that Plaintiff has effected service on Defendant as required by *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999), in order to trigger the commencement of Defendant's thirty-day removal clock. In particular, the attached documents include a transmittal notice dated March 25, 2022 referencing a returned United States Post "green card" lacking a delivery signature that was "NOT CONSIDERED SERVICE." Doc. 7, Ex. 1. Thereafter,

Plaintiff issued an Alias Summons dated April 4, 2022 as to which there is no filed service return. *See* Doc. 8, Ex. 1. Nevertheless, Defendant did become aware of the lawsuit on March 21, 2022 through its respective registered agent in Mississippi. While there is no facial indication that this notification comports with *Murphy Bros.* so as to start Defendant's removal clock, assuming *arguendo* that Defendant was properly served on March 21, 2022, this Notice of Removal is being filed within thirty days thereof and is thus timely under 28 U.S.C. § 1446.

6.  Venue is proper in the United States District Court for the Northern District of Alabama, Northeastern Division, because that is the district in which the state court action was filed. *See* 28 U.S.C. §§ 1446(a) & 81(a)(2).

7.  The Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff and Defendant as "citizens of different States" and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

8.  Although Plaintiff does not affirmatively allege her citizenship, *see* Compl. ¶ 1, Ex. 1 ("Plaintiff … is a *resident* of Spalding County, Georgia." (emphasis added))[1], based on investigation by Defendant's undersigned counsel, Plaintiff is a citizen and domicile of Spalding County, Georgia, the place where she maintains her permanent residence.

---

[1] *See, e.g.*, *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").

3

270263430v.1

9. Defendant, as a limited liability company, adopts the citizenship of each of its members. *See Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). Defendant has two LLC members, both of which are trusts: (1) the Thomas Milton Duff Amended and Restated Trust (the "Thomas Trust"); and (2) the James Ernest Duff Amended and Restated Trust (the "James Trust"). Depending on the type of trust involved and party status as a plaintiff or defendant, a trust's "members" confusingly are sometimes its trustees, sometimes its beneficiaries, and sometimes both.[2] To eliminate any such confusion, Defendant addresses both trustee and beneficiary citizenship herein.

    A. *The Thomas Trust*: At the time of the filing of the Complaint and at the time this notice was filed, the Thomas Trust's sole trustee was a natural person permanently residing as a citizen and domicile of the State of Mississippi and all of its beneficiaries are likewise natural persons permanently residing as citizens and domiciles of the State of Mississippi. Thus, Defendant takes on the Mississippi citizenship of its member the Thomas Trust.

    B. *The James Trust*: At the time of the filing of the Complaint and at the time this notice was filed, the James Trust's sole trustee was a natural person permanently residing as a citizen and domicile of the State of Mississippi and all of

---

[2] *See, e.g.*, *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381-83 (2016); *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019); *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 727-29 (2d Cir. 2017); *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 201-04 (3rd Cir. 2007).

270263430v.1

its beneficiaries are likewise natural persons permanently residing as citizens and domiciles of the State of Mississippi. Thus, Defendant takes on the Mississippi citizenship of its member the James Trust.

10. The amount in controversy requirement is also met. As alleged in the Complaint, Plaintiff suffered "damages, including but not limited to, personal injury, lost wages, great pain and suffering, and medical expense." Compl. ¶¶ 10, 16, 21, Ex. 1. Plaintiff further claims that she is entitled to punitive damages. Compl. ¶¶ 11, 17, 22, Ex. 1.

11. Although the Complaint does not specify the injuries Plaintiff claims to have incurred or the total amount of damages sought in this case, Plaintiff, through her former attorney, specified the nature and extent of her injuries, as well as detailed the economic damages claimed by Plaintiff as a result of the Accident, in a September 3, 2021 settlement demand letter.[3] As set forth in the demand, Plaintiff

---

[3] In light of the privacy concerns at issue, Defendant has opted not to include the settlement demand, in reliance on United States Supreme Court jurisprudence covering the past 75 years. In *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936), the Supreme Court broadly held that the proponent of federal jurisdiction (plaintiffs in suits originally filed in federal court and defendants in removed actions) need not offer evidence of jurisdiction unless and until jurisdictional allegations are challenged. *See id.* ("If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."). *McNutt,* in turn, was the basis of the holding in the Supreme Court's more recent opinion, *Hertz Corp. v. Friend,* 559 U.S. 77 (2010). *Hertz* unequivocally recognized that parties asserting federal diversity jurisdiction are subject to an initial pleading burden, not an evidentiary one, and it is only after "allegations of jurisdictional facts" are "challenged" that proponents of jurisdiction "must support their allegations by competent proof." *Id.* at 1195. Notwithstanding the foregoing, Defendant will be happy provide the Court a copy of the referenced demand, with or without the supporting records thereto, upon request.

270263430v.1

was diagnosed with "cervical facet joint syndrome"; "cervical pain", "cervical radiculopathy"; "right shoulder pain"; "internal impingement of right shoulder"; "derangement of right shoulder joint"; "lumbar pain determined by palpation"; "lumbar facet joint pain"; "lumbar radiculopathy"; and "spinal cord compression."

12.  According to her demand, Plaintiff underwent "six bilateral cervical joint injections at C4-7"; a "lumbar transforaminal epidural steroid injection at L5-S1"; a "left L4-5 microdiscectomy with bilateral decompression"; a "right L5-S1 microdiscectomy with bilateral decompression"; an "excision lumbar arachnoid cyst with dural closure"; "anterior cervical discectomy and spinal cord decompression C3-4, C5-6"; and a "cervical disc arthroplasty C3-4, C5-6." Finally, Plaintiff underwent a "right L5-S1 microlumbar laminectomy, medial facetectomy, foraminotomy and discectomy." Plaintiff seeks compensatory damages for medical treatment costs, lost wages, and pain and suffering.

13.  While numerous district courts have expressed concerns with facial reliance on statements in settlement demands as evidence of the amount in controversy, Plaintiff's claimed economic damages alone prove that the amount in controversy is met. As set forth in her settlement demand, as of September 3, 2021, Plaintiff has incurred over $411,498.72 in recoverable "special damages," which include medical treatment costs and lost wages. This number alone, which does not

include damages for pain and suffering, punitive damages, and other damages Plaintiff likely will pursue, far exceeds the $75,000 threshold.

14. The requisite elements of jurisdiction have been satisfied and diversity of the parties at the time of the removal exists which entitle Defendant to remove this action to the United States District Court for the Northern District of Alabama, Northeastern Division, pursuant to 28 U.S.C. §§ 1332 and 1446.

15. Defendant disputes Plaintiff's allegations, and denies that Plaintiff is entitled to judgment against it. Defendant reserves the right to assert any and all defenses and objections to which it may be entitled.

16. Defendant will serve a copy of this Notice of Removal on Plaintiff's counsel promptly after the filing of this Petition.

17. Removal is properly made to the United States District Court for the Northern District of Alabama, Northeastern Division, under 28 U.S.C. §1441(a), because Madison County, where this action is pending, is located within that District and Division. *See* 28 U.S.C. §1441(a).

18. Pursuant to 28 U.S.C. §1446(a), Defendant has attached hereto all process, pleadings, and orders that have been filed, served, or received in this action as <u>Exhibit 1</u>.

19. Pursuant to 28 U.S.C. §1446(d), written notice of the removal of this case (a copy of which is attached hereto as <u>Exhibit 2</u>), together with a copy of this

Notice shall be filed with the Circuit Court of Madison County, and shall be served upon Plaintiff's counsel.

WHEREFORE, the above-captioned action, now pending in the Circuit Court of Madison County, Alabama is removed therefrom to this Court.

Respectfully submitted this the 20th day of April, 2022.

/s/ Brett Holsombeck
DAVID HALL (asb-2500-a60d)
BRETT HOLSOMBECK (asb-0148-c49m)

**OF COUNSEL:**
WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER LLP
1500 Urban Center Drive, Ste. 450
Birmingham, AL 35242
(205) 709-8990 Main
(205) 709-8979 Fax
David.hall@wilsonelser.com
Brett.Holsombeck@wilsonelser.com
*Attorneys for KLLM Transport Services, LLC*

270263430v.1

## CERTIFICATE OF SERVICE

  I hereby certify that on this the 20th day of April, 2022, the foregoing has been electronically filed utilizing the Court CM/ECF system, which will send electronic notification to the following counsel of record:

Mark Erdberg
Jaime Erdberg
JAFFE & ERDBERG, PC
600 20th Street Suite 400
Land Title Building
Birmingham, AL 35203
*Counsel for Plaintiff*

               /s  Brett Holsombeck
               OF COUNSEL

270263430v.1